GOVER *vs.* CHRISTIE and JAY.

1807.
JUNE.

Gover
vs
Christie, &c.

APPEAL. from the Court of Chancery. The bill of the complainants, *Christie* and *Jay*, stated, that on the 20th of February 1797, *Samuel Willetts*, for full value received, executed a *single bill* to *Gover*, the defendant, promising to pay to him, or order, £233, on or before the 1st of April 1798. That in consideration of a debt due from *Gover* to them, he on the 11th of May 1797, assigned the said single bill to the complainants. That suit was brought on the bill against *Willetts*, in the name of *Gover*, for the use of the complainants. That a judgment was obtained at May term 1800, and an execution issued against the property of *Willetts*, which was returned *nulla bona* to October term following. That no part of the debt was ever paid, except £10 paid on the 30th of September 1797. That *Willetts* has become insolvent, and released by the insolvent law. That the complainants have frequently called on *Gover*, the assignor, and requested payment, which he has refused. That the assignment of the single bill was not made in pursuance of the act of assembly, so as to enable the complainants to proceed at law against *Gover*, the assignor. *Prayer*, for a decree to compel *Gover* to pay the amount of the single bill, (deducting the said payment,) with interest, &c. and for other relief, &c. The *answer* of *Gover* stated, that he assigned the single bill of *Willetts*, and two other bonds to him from other persons, to the complainants, in full satisfaction of the debt which he owed to them, and that they agreed to take said assignments in full satisfaction, without having any further or after recourse to him for the debt due from him to them, or for or on account of the assigned bill and bonds, and upon that condition the assignments were made, and receipt in full was given for the debt due by him to them. That when the assignments were made, the several obligors were in solvent circumstances, and good credit; and that the amounts due on the two bonds have been received by the complainants, and they might have received the amount due on the single bill from *Willetts*, if due and reasonable diligence had been used. The complainants entered a general replication to the answer of the defendant, and a commission issued to take testimony. By the testimony it was proved, that *Willetts* was not solvent and in circum-

Where A, in consideration of a debt due from him to B, assigns to him (not under the act of 1763, *ch* 23, *s* 9, 10,) the bond of C, and C is or becomes insolvent—On a bill by B against A, to compel payment of the bond so assigned— *Decreed*, that the court of chancery has no jurisdiction; that if the assignment was an extinguishment of the original debt, the complainant was not entitled to relief either at law or in equity; and if the assignment was not an extinguishment of the original debt, the complainant had his remedy at law on the original contract, there being no circumstances disclosed in the bill to make it necessary for him to resort to a court of equity.

stances to pay his debts to any amount in either of the years 1797, 1798, 1799, or 1800. The case being submitted, the following decree was made by,

HANSON, Chancellor, (December term 1803.) The cause being ready for decision, the bill, answer and exhibits, evidence, and all other proceedings, were by the Chancellor carefully read and considered, and it appearing just and equitable that the complainants should not be excluded from recovering the balance of the debt due from the defendant to them, on account of having received the assignment of a bond from one *Samuel Willetts* to the complainants, inasmuch as the money never was received, and especially, as appears from the evidence in the cause, that he was insolvent at the time the defendant assigned the same to the complainant—*Decreed,* that the defendant pay to the complainants the sum of £216 7 9, current money, stated by the auditor of the court, under the Chancellor's order, to be due, with interest thereon until paid, together with costs of suit. From which decree the defendant appealed to this court.

The cause was argued before CHASE, Ch. J. TILGHMAN, NICHOLSON, and GANTT, J.

*Shaaff* and *Harper,* for the appellant, contended, that the complainants had adequate remedy at law, and could not apply to a court of equity for relief. They referred to *Cole v. Garretson,* 1 *Harr. & Johns.* 370. *Forbes vs. Perrie, Ibib.* 109. *Winchester, et al. vs. Brooke, ante* 1.

*Johnson,* (Attorney General,) for the appellees, cited *Fonbl.* 10, 14. The act of 1763, *ch.* 23, *s.* 9, 10. *Pasley vs. Freeman,* 3 *T. R.* 51.

CHASE, Ch. J. delivered the opinion of the court. The court are of opinion, that the court of chancery had no jurisdiction in this case.

If the assignment was an extinguishment of the original debt, the complainants are not entitled to relief, either at law or in equity.

If the assignment was not an extinguishment of the original debt, and the court are of that opinion on consideration of the bill, answer and proof, the complainants had

their remedy at law on the original contract, there being no circumstances disclosed in the bill to make it necessary for them to resort to a court of equity.

DECREE REVERSED.