Bland, Chancellor.
This case having been set down for hearing on the bill and answers alone, without any general replication, — the answers must therefore be taken to be true in every particular, as well as to the matters alleged by way of avoidance as to those directly responsive to the.bill. That is, the defendants are to be allowed the benefit of every fact advanced by them as a defence in their answers, as fully as if it had been put in issue by the plaintiff’s general replication, and the defendants had established it by proof.(a)
*489 But these administrators rest their defence on the fact, that there was “ an understanding by him, (their intestate,) and the complainant, that the said suit, (in which the decree of the 22d of May 1815, was passed,) should not affect the interest of their intestate in the aforesaid bond, and should only operate to enable the complainant to obtain a conveyance for the land he had purchased.” In other words they admit, that the decree of the 22d May 1815, as it stands, is a sufficient basis for the plaintiff’s equity; but they attempt to circumscribe its operation by setting up a previous understanding or agreement of the parties to it, as to what was intended to be its extent and. effect. But no decree can he thus collaterally affected or impeached. Every decree stands, and must he allowed to stand, for what it purports to be on its face, until it has been revised or reversed in a solemn and proper manner. (b) Therefore, rejecting this ground of the defence, as being utterly inadmissible, even supposing the fact of the alleged understanding to he true, there is nothing in the answers which is at all at variance with the case presented by the bill.
It is certainly true as urged by the defendants’ solicitor, that even at the hearing, the plaintiff’s case, as stated by himself, must be shewn to have in substance, or in some essential bearing of it, such a character as wdll confer jurisdiction on a court of chancery; it must appear to be an equitable as contradistinguished from a mere legal cause of action. The bill must itself shew why it was necessary, or allowable for the plaintiff to leave the ordinary legal- tribunals and come into a court of chancery to seek relief. It seems to have been formerly understood, that if it appeared upon the face of the bill, that the plaintiff’s remedy was properly at law, — as where the hill was for the recovery of a debt due by bond, — if the defendant answered and confessed the bond, he could not demur to the relief; because, admitting the debt, he ought to pay it, and not proceed to litigate it in either forum; or if the plaintiff was proceeding for the recovery of damages, the defendant might demur; because the court could not settle the damages: but if he answered, he could take no advantage of it at the hearing; for having submitted to the jurisdiction of the court, it would have the quantum of damages adjusted in a feigned action at law.(c) The rule now however is, that if the defendant could have demurred to the hill, *490 because of its not presenting a case of an equitable character, but, instead of doing so, has answered it, the court will not make a decree for relief at the final hearing, (d)
The case exhibited by this bill is, however, one of which a court of chancery may properly take cognizance. It is admitted on all hands, that the assignee of a bond takes it subject to all the equity to which the obligor is entitled, whether he has notice of that equity or not. The contingency which gave rise to this obligor’s equity was of such a nature, that on its happening, he could only obtain the relief to which he was entitled in a court of equity, (e) He therefore came here and obtained relief accordingly, even against the assignee and the then holder of his bond, the intestate of the only two of these defendants who now resist his equity. After which that assignee, availing himself of the legal form of his claim, obtained a judgment at law, which this plaintiff, from thepeculiarly equitable nature of his defence, was unable to prevent. I am therefore of opinion that this injunction must now be made perpetual, as well because this court should be consistent with itself, as because this plaintiff should have assured to him the full benefit of that to which he has been declared, by the decree of the 22d May 1815, to be equitably entitled.
Whereupon it is Decreed, that the injunction heretofore granted in this case be and the same is hereby made perpetual, and that the said defendants pay to the said complainant his costs, to be taxed by the register.
The defendants appealed, and the Court of Appeals affirmed the decree.

 3 Blac. Com. 448.

 2 Mad. Chan. 537; Barney v. Patterson, 6 H. & J. 204;

 Gilb. For. Rom. 51, 53; North v. Strafford, 3 P. Will. 150; Pickering’s case, 12 Mod. 171.

 Barker v. Dacie, 6 Ves. 686; Penn v. Baltimore, 1 Ves. 446; Brace v. Taylor, 2 Atk. 253; Hovenden v. Annesley, 2 Scho. & Lefr. 638; Utterson v. Mair, 2 Ves. jun. 97; Brooke v. Hewitt, 3 Ves. 255; Kemp v. Pryor, 7 Ves. 245; Piggot v. Williams, 6 Mad. 95; Gover v. Christie, 2 H. & J. 67; Taylor v. Ferguson, 4 H. & J. 46; Pollard v. Patterson, 3 Hen. & Mun. 85; Yancy v. Fenwick, 4 Hen. & Mun. 423; Martin v. Spier, 1 Hayw. 370; Hart v. Mallett, 2 Hayw. 136; Dickens v. Ashe, 2 Hayw. 176.

 Mole v. Smith, 1 Jac. & Walk. 645.